## DUNKLIN v. WILKINS, et al.

1. When the plaintiff, in an action of detinue, makes title to the chattel sued for under a bill of sale, from a former owner, it is not competent for the defendant to show fraud in acquiring this title, if he has no connexion with it.
2. It is otherwise, if he shows he is the agent of the former owner, and detains the chattel by his direction.
3. When a chattel is converted, and the conversion is known to the owner, he cannot by sale, transfer the title to another, so as to enable the latter to sue in his own name.

Writ of Error to the Circuit Court of Lowndes county.

This action is detinue, for the recovery of certains slaves. On the trial, upon the general issue, the plaintiffs claimed title to the slaves under one Judge, and gave in evidence, a bill of sale from him to them. The defendant then proved that neither the plaintiffs or Judge, ever had the actual possession of the slaves; and offered to prove that the bill of sale was obtained from Judge by the plaintiffs, through fraud and misrepresentation. This evidence was objected to by the plaintiffs, and rejected by the court.

The defendant afterwards, further offered to prove that he held the slaves as agent for Judge, who was in Texas when he made the bill of sale, and who, before the plaintiffs demanded or sued for the slaves, had sent notice to him that the plaintiffs bill of sale was obtained by fraud and required him not to deliver them. He then offered again to show the fraud by evidence; this also was opposed by the plaintiffs, and rejected by the court.

There was evidence tending to prove a conversion of the slaves sued for previous to the acquisition of title by the plaintiffs. On this evidence, the defendant requested the court to instruct the ju-

ry, that should they believe, from the proof, that the defendant had converted the slaves, and that the conversion had taken place within the knowledge of the parties before the plaintiffs purchased, then, this action could not be maintained upon a demand and re-fusal made subsequent to the purchase. This was refused by the court, and the jury instructed, that under such a state of facts, the plaintiffs could well maintain this action.

The rejection of the evidence and the charge to the jury were excepted to, and a verdict and judgment being rendered for the plaintiffs, are now assigned as error.

Cook, for the plaintiffs in error, cited—Chitty on Contracts, 5 Am. ed. 406; 678, n. 1; Root v. French, 13 Wend. 370, to shew that fraud could be inquired into the more properly, because the defendant was the mere agent of a person defrauded.

As to the error in the charge given, he supposed the decisions in Goodwin v. Lloyd, [8 Porter 237, and Brown v. Lipscomb, 9 Porter 472,] to be conclusive.

Elmore, *contra*—cited Ogbourne v. Ogbourne, [3 Porter 126.]

GOLDTHWAITE, J.—1. The evidence offered, in the first instance, to show that the plaintiffs' title to the slaves was acquired from Judge by fraud, was very properly rejected, because as the case then stood, the defendant was not connected with Judge, and therefore could have no interest in disputing a matter which Judge alone was competent to contest. For any thing then, disclosed, Judge may have acquiesced in the fraud, or subsequently have ratified the contract.

2. But this became a very different question, as soon as it was offered to show that the defendant held the slaves as the agent of Judge, and detained them from the plaintiffs in consequence of instructions from him. We apprehend it is clear that the vendor may defeat the legal sufficiency of his own bill of sale, and show that the contract evidenced by it is void, by reason of fraud.— The case of Root v. French, [13 Wend. 370,] cited by the counsel for the plaintiff in error, is indeed, a direct decision of that very point, and many others could be added. As the vendor may thus contest the validity of a title made by himself, on the ground of fraud, there is no sufficient reason why his bailee, acting under

Dunklin v. Wilkins, et al.

his instructions, should not be permitted to do so likewise. To hold it to be otherwise, would be, in effect, to declare that the law is incapable of protecting the servant, acting under the authority of his master, to the same extent as the master himself would be protected.

The law is so clear upon the facts disclosed by the bill of exceptions, that we are almost forced to conclude that some mistake has intervened, by which a different question is presented from that intended. If this is so, it will probably be rectified when the case is again tried.

3. The remaining point is the precise one settled in the cases of Goodwin v. Lloyd, [8 Porter, 237,] and Brown v. Lipscomb, [9 Porter, 472.] In both these cases, it was held, that when personal property is converted, the interest of the former owner is changed into a mere *chose in action ;* in the case last cited, we say, " If the owner of a personal chattel is not in actual possession, but it is withheld by another, and the owner, ignorant of the fact, under such circumstances parts with his title, it is conceived the purchaser would succeed to his rights ; but if the owner is dispossessed by one, *bona fide* claiming title, and the fact of dispossession and *bona fide* claim is known to, or communicated to him, his title is changed into a *chose in action,* which cannot be transferred or conveyed to another." The evidence before the jury may not have warranted the charge requested, but the court assumes the conversion to be within the knowledge of the parties, and informs the jury that under such a state of facts the verdict ought to be for the plaintiffs ; thus, in our judgment, running counter to the opinion just quoted.

For rejecting the evidence of fraud, after the connexion between the defendant and Judge was established, and for the erroneous charge, the judgment must be reversed, and the cause remanded.