## GERON v. GERON.

1. If a slave is pledged for the payment of a debt, the pawnee is accountable for the profits of the labor of such slave, in the absence of any agreement to the contrary.

2. If, in case of a pawn or pledge of a slave, the hire discharges the debt for which it was pledged, the pawnor is entitled to have it restored to his pos-

session, and may recover it by action at law, or defend his right to the possession, if sued by the pawnee.

Error to the Circuit Court of Madison.     Before the Hon. Sidney C. Posey.

THIS was an action of detinue, instituted by defendant, against the plaintiff in error, to recover possession of a female slave.   By the bill of exceptions, it appears that, in 1836, one Lewis M. Sumpter, who married the daughter of Solomon Geron, to which daughter the said Geron had, before her marriage with Sumpter, given the slave in controversy, allowed the defendant in error to remove said slave from Tennessee to the state of Alabama, where he kept possession of her, and hired her out from year to year, until 1846, for $75 a year.   The defendant in error offered proof conducing to show a purchase by him of said slave from Sumpter and wife, but the evidence was conflicting as to whether it was a sale, or a pledge, or either.   The plaintiff in error, at the time of the suit, was in possession of the slave, as the agent of Sumpter.   This statement of facts, with those set out in the opinion of the court, are sufficient for a full understanding of the only question raised by the assignment of error.   The court charged the jury, that if, at the time of the contract for such pledge, or pawn between Sumpter, and the defendant in error, no time was specified for the redemption of the slave, and no settlement had taken place between them, then the plaintiff in error was not authorized to take said negro into his possession, and the defendant in error would be entitled to recover.   The plaintiff in error excepted to this charge, and it is now assigned as error.

S. PARSONS, for plaintiff in error.

The money for which the negro was pledged, was discharged by the hire, and much more than discharged; because the loan, having been made in Tennessee, did not bear interest, so far as the proof showed.

In detinue for a slave, by the pawnee against the pawnor, a tender of the money may be given in evidence, without

being pleaded. Macon v. Owens, 1 Brevard's R. 69, and authorities there cited.

Of course the owner, or his agent, may take the property after the pledge is discharged. And as the defendant took as the agent of the owner, he could give in evidence any thing that the owner might have proved, if he had been sued. Dunklin v. Watkins, 5 Ala. 199.

Detinue does not lie, because the owner took his property by force. Carroll v. Pathkiller, 3 Porter, 279.

C. C. Clay, Jr., contra.

The plaintiff proved a legaltitle in himself; and in this action the *legal* title alone is in controversy. If there be an equitable title in another, he must seek relief in a court of equity. Hundley v. Buckner, 6 Smedes & Marsh. 76.

The testimony of defendant did not show that the hire was to go in satisfaction of the money paid for the slave by the plaintiff, and hence the court was not wrong in refusing to charge as asked. Defour v. Bourne, 4 Bibb, 345.

To enable the court to have instructed the jury as asked, the proof should have been clear and convincing, that a mortgage was intended. Freeman, adm'r, v. Baldwin, 13 Ala. Rep. 246.

The proof of an absolute bill of sale, together with the plaintiff's admission, if he was understood and correctly reported by the witnesses, showed a conditional sale; that Sumpter might redeem her on refunding the $450 advanced for her. He said, "don'take her until I have seen Sumpter and arranged the $450 with him," which negatives the idea that he was to account for hire, or that the money paid for the slave was to be extinguished in that way. He evidently did not use the word pawn, or pledge, in *its* technical sense, as the bill of sale, and his allusion to the $450, show. There was no proof that the $450 had been paid or tendered him. The proof was altogether too vague and indefinite to warrant the charge asked.

CHILTON, J.—The proof, in the court below, was conflicting, whether the defendant in error was the absolute owner of the slave in suit, or held her in pledge for the pay-

ment of $450, which he had previously advanced to Solomon Geron to redeem her from a person to whom Solomon had sold said slave.   We are informed by the bill of exceptions, that shortly before the institution of the suit by Jehu Geron against the plaintiff in error for the slave, the latter called upon said Jehu, and presented two orders from one Lewis M. Sumpter, one authorizing him to demand and receive said slave from Jehu Geron , the other demanding payment of the hire to be made to the said Simeon, agreeably to an arrangement made between Sumpter and Jehu.   What the agreement alluded to was, neither the order nor the proof informs us.   It however appears that upon a presentation of the ordres to Jehu Geron, he did not then dispute or deny the right or title of said Sumpter to said negro, but spoke of the pawn or pledge to him of said slave by Sumpter, and requested Simeon Geron not to take said slave away, until he had seen Sumpter and arranged the $450 with him.   The proof showing that Jehu Geron had held the slave from 1836 until a short time before the commencement of the suit, and that her hire was worth $75 per year, it was insisted that the hire of the slave would have fully paid the debt, especially as the money was advanced in the state of Tennessee, and the rate of interest in that state was not shown.   The bill of exceptions does not purport to set out all the proof, and we are not allowed to indulge in presumptions adverse to the regularity of the judgment.   Assuming that the plaintiff below was a pawnee, the circuit judge charged the jury, " that if at the time of the contract for such pledge or pawn between said Sumpter and said Jehu, no time was specified for the redemption of the same, and no settlement had taken place between them, then the defendant was not authorized to take said slave into his possession, and the plaintiff would be entitled to recover."

It appears from the proof that Simeon Geron held the slave for Sumpter, as whose agent he had demanded her of the plaintiff below, and consequently had the right to protect his possession by setting up the claim of his principal.   Dunklin v. Wilkins et al. 5 Ala. Rep. 199.   The charge of the court assumes, that if no time was fixed for the redemption of the slaves, by the contract between the parties, and no settle-

ment had been made between them, the plaintiff was entitled to recover. This charge, under the facts proved, was manifestly erroneous, as it in effect, withdrew from the jury the question, whether the hire of the slave was not adequate to the complete payment of the debt and interest, for which she was put in pledge. The rule seems to be too firmly settled now, to be doubted, that where a slave is pledged for the payment of a debt, the profits of the labor of such slave is to be accounted for by the pawnee, in the absence of an agreement providing the contrary. Story on Bail. 232, § 443. And such profits, says Mr. Chancellor Kent, should be deducted from the debt. 2 Kent's Com. 578-9, 3d ed. If the debt is discharged, for the payment of which the lien has attached, the property is discharged of the incumbrance, and the pawnor having it in possession, most certainly has the right to retain it; but if on the other hand, any portion of the debt remains unpaid, and no tender of it has been made to the creditor, he has the right to a judgment restoring to him the pledge. We of course intimate no opinion upon the facts of the case, as to whether Jehu Geron held the slave absolutely, or as a pledge. This is a fact to be ascertained by the jury; if they find she was pledged, and there was no contract that the hire should be set off against the interest of the debt, then they should determine whether the debt, with the accruing interest, has been discharged by the hire. If there was a contract thus to set it off, and it did not amount to a device to avoid the usury laws, then the plaintiff below is entitled to his principal debt, without respect to the hiring. See. Harrison v. Hicks, 1 Por. Rep. 423 ; Hamer v. Harrell, 2 St. & Por. 323. We think there is no necessity in such case as this, for turning the parties round to a court of equity, as is insisted by the counsel for the defendant in error, in order that the defendant may redeem ; for we repeat, if he has paid the debt, or if the hire has extinguished it, and the party, by his agent, has the property in possession, his legal title is complete, notwithstanding the plaintiff may have a bill of sale. Judgment reversed and remanded.