# Wheless *v.* Rhodes.

*Statutory Detinue, by Mortgagor against Mortgagee.*

1. *To what witness or party may testify.*—Declarations made attending acts, and explanatory of them, are facts to which a witness or a party may testify; but uncommunicated intentions must be determined by the jury, and are not the subject of proof by a witness or party.

2. *Payment of mortgage debt; effect on mortgagee's title.*—Under a mortgage of chattels, when the secured debt is paid, the mortgagee's title is at an end, since there can be no mortgage where there is no debt; but, if the mortgage is of lands, this rule does not prevail at law.

3. *Charges asked, but not shown to be in writing.*—Charges asked and refused will not be considered on error, unless they are shown to have been asked in writing (Code, § 3109.)

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. JAMES E. COBB.

This action was brought by Joseph W. Rhodes, against John Wheless, to recover a set of mechanic's tools, particularly described in the complaint, with damages for their detention; and was commenced on the 5th June, 1874. The defendant pleaded specially—1st, that the plaintiff had conveyed the tools to him, with other personal chattels, by mortgage particularly described, and afterwards, the mortgage debt not being paid at maturity, had delivered the possession of the chattels to him; 2d, that the mortgage debt was unpaid, and he held possession under the mortgage. The record does not show that any objection was interposed to either of these pleas, though the judgment-entry only recites that the cause was tried on issue joined. The mortgage set out in the plea, which was also introduced as evidence on the trial, was dated the 15th August, 1873, and purported to be given to secure the payment of a note for $45, which was due and payable on the 1st November, 1873. The defendant's evidence tended to show that, in December, 1873, this mortgage debt being due and unpaid, the plaintiff carried

the set of tools to his house, and delivered them to him under the mortgage. There had been prior transactions between the parties, and several mortgages had been given, which were afterwards paid or settled. On a settlement had between the parties on the 11th February, 1873, it was proved that the plaintiff had paid $50 to the defendant; and the defendant introduced evidence tending to show that this money was paid to him, as the agent of one Hollingsworth, for the rent of a tract of land which the plaintiff had cultivated during the year 1872, "though there was no evidence that said Hollingsworth had any title to the land, or any right to claim rent for it." "The plaintiff then proposed to show, by his own testimony, that said $50, so paid by him at the time of said settlement, was intended by him to be paid on the mortgage debt then due and unpaid;" and the court allowed him to testify, against the objection of the defendant, "that he did not intend to pay the rent of the Hollingsworth place, but intended to have the amount appropriated by the defendant as a payment on the mortgage." To the admission of this evidence an exception was reserved by the defendant. "The plaintiff proposed to show also, by his own testimony, that said mortgage was given for a usurious consideration; and he testified, against the objection of the defendant, that the consideration of said mortgage was $45, less twenty-five per-cent. interest included in it." The defendant excepted to the admission of this evidence, and also to a charge given by the court *ex mero motu*, instructing the jury that, in ascertaining the amount due from the plaintiff to the defendant, they must exclude all usurious interest. Exceptions were reserved by the defendant to several other rulings of the court, which require no notice; and all the rulings excepted to are now assigned as error.

W. D. BULGER, for appellant.

W. H. BARNES, *contra*.

STONE, J.—In this case, certain payments were shown to have been made by Rhodes to Wheless, in February, 1874. Wheless testified, that Rhodes had rented lands from him as the agent of Hollingsworth, and had cultivated them during the year 1873. He further testified, that part of the money so paid to him was paid and applied in liquidation of Rhodes' indebtedness to Hollingsworth for said rent. There had been other indebtedness from Rhodes to Wheless, and the contention was, on which of these claims the payment should be applied. If applied to the claim for rent, the implications are, that this would leave an unpaid balance due on the mortgage from

[Martin v. Hall.]

Rhodes to Wheless. The plaintiff, Rhodes, was allowed to testify, against the objection and exception of the defendant, " that he did not intend to pay the rent of the Hollingsworth place, but intended to have the amount appropriated by the defendant as a payment of the mortgage to Wheless." In this, the Circuit Court erred. In a contest such as this, which includes inquiry into the character, intent, motive, and purpose of the parties to the suit, neither party will be allowed to testify as a witness to any secret or uncommunicated intention or purpose, he may have had when he did the act. Facts may be laid before the jury, and verbal or written intercommunications are facts. Declarations made, attending acts, and explanatory of them, are facts. But uncommunicated intentions are not the subject of proof. The jury must ascertain these from the facts and circumstances.—*Mobile Life Ins. Co. v. Walker*, 58 Ala. 290; *Sternau v. Marks, Ib.* 608; *Herring v. Skaggs*, 62 Ala. 180.

The Circuit Court did not err in receiving evidence of the usury. It tended to show the actual debt was less than the papers imported. The mortgage being of chattels, if the mortgage debt was paid, the mortgagee's title was at an end. Where there is no debt, there is no mortgage.—*Harrison v. Hicks*, 1 Por. 423; *Morrison v. Judge*, 14 Ala. 182; *Geron v. Geron*, 15 Ala. 558. This rule does not obtain, in courts of law, as to lands.

The charges asked are not shown to have been in writing, and we can not consider them.

Reversed and remanded.