# Ricketts *v.* Birmingham Street Railway Co.

*Action for Damages for Personal Injuries.*

1. *Oral evidence of written contract.*—In an action against a street railway company, which seeks to avoid liability on the ground that another company owned and operated the railway at the time, a witness can not testify that the other company "was the owner of and operating the said railway at the time, and that he knew the fact from having seen the written contract of sale, and from having been a party to it;" the general rule applying which excludes parol evidence of a written contract respecting real estate, unless the writing is produced, or its absence accounted for.

2. *Declarations of agent, as evidence against principal.*—The declarations of the president of the defendant corporation, made to a witness whom he met on one of the street cars after the injury to plaintiff, to the effect that he was still in control of said street railway, and would turn the management over to the new company on a specified day, are not admissible as evidence against the defendant, not being brought within the rule which makes the declarations of an agent admissible as evidence against the principal.

3. *Charge refused, not shown to be in writing.*—The refusal of a charge asked, which is not shown to have been asked in writing, is not a reversible error, but it will be presumed to have been refused because not reduced to writing.

4. *Contributory negligence.*—If the plaintiff, having a heavy keg of lead in his hands, was standing on the front steps of the street car when it started forward, and without necessity attempted to step down to the ground while the car was in motion, and was thrown and injured, when he would not have been injured if he had remained on the steps, he was guilty of proximate contributory negligence, which defeats a recovery by him.

5. *Transfer of corporate franchises.*—A street railway company, organized under the general statutes (Code 1876, §§ 1917-29; 1886, §§ 1603-12), can not absolve itself from the performance of its statutory duties, or avoid liability for their non-performance, by a voluntary surrender or transfer of all its property and franchises, except by legislative consent and authority; and when a transfer is made without such authority, both of the companies are liable for any subsequent injury caused by negligence.

[Ricketts v. Birmingham Street Railway Co.]

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by William A. Ricketts, to recover damages for personal injuries in attempting to step from a street car alleged to belong to the defendant corporation. The injury occurred on the 4th March, 1887, and the action was commenced on the 14th July, 1887. The defendant pleaded not guilty, and contributory negligence on the part of the plaintiff himself; and issue was joined on these pleas. "On the trial," as the bill of exceptions states, "the testimony of the plaintiff tended to show that, on the afternoon of March 4th, 1887, he started home from his shop in Birmingham, with a 50-lb. keg of white lead, and got on a street car at Second Avenue, placing the white lead on the front platform by consent of the driver; that he rode to Avondale, and stopped the car when in front of Sumner's store, got off at the rear, and walked to the front of the car to get his lead; that while he was in the act of removing it the car started forward suddenly, struck him, and threw him on the ground; that he was badly hurt, was prevented from going to his work for nearly a month, and has never entirely recovered from the injuries he received."

T. C. Thompson, a witness for defendant, who was a director of the Pratt Mines Street Railway Company, another corporation, "was asked, who was owning and operating the Birmingham Street Railway on the 4th March, 1887; and answered, that the Pratt Mines Railway Company was the owner of, and operating said railway at that time; and that he knew the fact from having seen the written contract of sale to said Pratt Mines Company, and from having been one of the parties to said contract of sale, which was made on the 4th February, 1887." To this question and answer, each, the plaintiff objected, and duly excepted to the overruling of his objections. "The testimony of O. W. Underwood, a witness for plaintiff, tended to show that, after the plaintiff was injured, he met George L. Morris on the street car, who, as plaintiff's testimony tended to show, was the president of the defendant corporation on the 4th March, 1887, and asked him if he was still in control of said street railway; and that said Morris replied, that he was, and that he would turn over the management to the new company on a certain date, which said witness did not remember." This answer was excluded by the court, on objection by the defendant, and the plaintiff excepted.

The bill of exceptions does not purport to set out all of the evidence. The plaintiff asked several charges, and excepted to their refusal, but they are not shown to have been asked in writing. He also excepted to the following charges, which were given at the instance of the defendant: (1.) "If the jury believe from the evidence that the plaintiff was standing on the steps in front of the car, with a keg of lead in his hands, when the car started forward; and that he, without necessity, undertook to step off to the ground, while the car was in motion; and that such action on his part was not that of an ordinary prudent man under like circumstances; and that he would not have been injured, if he had remained on the steps; then the defendant is entitled to a verdict, unless the jury further believe from the evidence that the injury to the plaintiff was inflicted recklessly, wantonly, or intentionally." (2.) "In order to entitle the plaintiff to recover, the evidence must show that the defendant was operating the street railway at the time of the injury to the plaintiff." (3.) "If the jury believe from the evidence that the defendant was not operating the street railway upon which said injury to plaintiff occurred at the time of said injury, but that the same was operated by the Birmingham & Pratt Mines Railway Company, by its agents and servants; then the defendant is entitled to a verdict."

The charges given, the refusal of the charges asked, and the several rulings on evidence to which exceptions were reserved, are now assigned as error.

GARRETT & UNDERWOOD, for appellant, cited *Railroad Co. v. Winans*, 17 How. U. S. 30; *Railroad Co. v. Brown*, 17 Wall. 445; *Thomas v. Railroad Co.*, 101 U. S. 71; Boone on Corporations, § 243, note 23; *Grand Lodge v. Waddell*, 36 Ala. 313; *Ala. Gold Life Ins. Co. v. Central A. & M. Asso.*, 54 Ala. 77; *Chambers v. Falkner*, 65 Ala. 454; *Granger's Life Ins. Co. v. Kamper*, 73 Ala. 340; *M. & O. Railroad Co. v. Thomas*, 42 Ala. 715; Deering on Negligence, §§ 277, 304.

HEWITT, WALKER & PORTER, *contra*.—(1.) The testimony of Thompson was properly admitted.—*East v. Pace*, 57 Ala. 521; *Street v. Nelson*, 67 Ala. 504; *Winslow v. State*, 76 Ala. 42; 67 Ala. 290. (2.) The testimony of Underwood, as to the declarations of Morris, was properly excluded.—*Henry & Co. v. Northern Bank*, 63 Ala. 527;

[Ricketts v. Birmingham Street Railway Co.]

7 S. C. Reporter, 318; *Smith v. Plank-road Co.*, 30 Ala. 650; *Ready v. Mayor of Tuskaloosa*, 6 Ala. 327. (3.) The charges refused, not being shown to have been asked in writing, can not be considered. (4.) The charges given correctly state the law applicable to the case.

CLOPTON, J.—Appellant brings the action to recover for injuries suffered by being struck by a street car, in which he had been transported as a passenger, and which he was then leaving. The complaint avers that the defendant, being a corporation incorporated under the laws of Alabama, was the owner of the street railway, over which the car was being run. The defendant does not dispute having, at one time owned and operated the street railway, but seeks to avoid responsibility by alleging that, about a month previous to the injury, it sold the railway to another corporation, which was operating it at the time. To establish this defense, the defendant was allowed to prove by the witness Thompson, that the Pratt Mines Company was, at the time of the injury, March 4, 1887, the owner of, and operating the street railway, and that he (witness) knew the fact from having seen the written contract of sale, to which he was a party, which sale was made February 4, 1887. The testimony of the witness goes beyond proof of the mere execution of the contract, to the extent that its effect was to transfer the ownership to the purchasing company, which involved the opinion of the witness as to the legal effect of the contract.—*Shorter v. Shepherd*, 33 Ala. 648. The ownership of personal property, which may be transferred without writing, may be proved as a fact, without producing the contract of sale, though in writing, when the question is incidental or collateral. But it is a familiar principle, that parol evidence is inadmissible in reference to contracts required by law to be in writing.—*Jonas v. Field*, 83 Ala. 445; *Lecroy v. Wiggins*, 31 Ala. 13. The title to realty can be transferred only by written instrument. Possession, accompanied by acts of ownership, may be proved, and constitute *prima facie* evidence of title; but, when the parol evidence extends beyond this, and it appears that the knowledge of the witness is derived from a written contract respecting real estate, such contract must be produced, or its absence accounted for.—*Patterson v. Kicker*, 72 Ala. 406; *Hussey v. Roquemore*, 27 Ala. 281; *Bell v. Davidson*, 56 Ala. 444.

The declarations of Morris, the president of the defendant

corporation, are not shown to have been made while he was in the performance of his duties as such officer, or while acting for the company, or while transacting any business contemporaneous with the declarations, which they serve to elucidate or explain.   The declarations were not within the scope of his authority, and are not binding on the defendant.—*Danner L. & L. Co. v. Stonewall Ins. Co.*, 77 Ala. 184; *Smith v. Plank-road Co.*, 30 Ala. 650.

The question as to the power of the corporation to alienate its rights to use the real and personal property necessary to accomplish the objects of its creation, and also its powers of control and supervision, so as to avoid responsibility for the manner in which the railway is managed and operated, arises on a charge requested by plaintiff, which is not shown to have been in writing, as required by the statute. It has been repeatedly held, that the judgment of the court below will not be reversed for a *refusal to give* a charge requested, unless it affirmatively appears that it was asked in writing.   The charge can not be properly considered by us. The same observation applies to the other charges asked by plaintiff.—*Winslow v. State*, 76 Ala. 42; *Wheeliss v. Rhodes*, 70 Ala. 419; *Crosby v. Hutchinson*, 53 Ala. 5.

There can be no question, that the plaintiff was guilty of negligence, which proximately contributed to his injury, if he was standing on the steps in front of the car, with a keg of lead in his hands, when the car was started forward, and without necessity undertook, while the car was in motion, to step off on the ground, and would not have been injured if he had remained on the steps.   Stepping from a moving car, without necessity, when injury is caused thereby, which could have been avoided by remaining on the car—by the exercise of ordinary care—is negligence, which will defeat a recovery because of prior negligence of the agents or servants of the company.—*Central R. R. & Banking Co. v. Letcher*, 69 Ala. 106; *Thompson v. Duncan*, 76 Ala. 334. It is true, that the bill of exceptions does not set forth any evidence from which the facts stated in the charge may be inferred; and if there was no such evidence, the charge is erroneous.   But, the bill of exceptions does not purport to set out all the evidence, and we must presume that there was sufficient on which to predicate the charge.

Important franchises are conferred, and duties imposed, by the charter and general law, upon the defendant as a street railway corporation.   From the performance of these

[Bush v. Henry.]

duties, it can not absolve itself by a voluntary surrender, without legislative consent, of the whole of its property and franchises, to another corporation. Notwithstanding such transfer may have been made, if it was without legislative authority, the defendant remained liable for injuries caused by the negligence of the servants or employees of the transferree, the same as though itself was operating the railway. *Railroad Co. v. Brown*, 17 Wall. 445. In such case, both companies are responsible. In view of the evidence tending to show that the defendant had transferred the ownership and operation of the railway prior to the injury, it was not incumbent on plaintiff, in order to entitle him to recover, to show that the defendant was actually operating the road at the time of the injury. In this aspect of the case, the proper inquiry relates to the legality and validity of the transfer. The charges, which impose upon plaintiff the necessity to show that the railway was actually operated by the defendant at the time of the injury, were calculated to mislead.—2 Wood's Railway Law, § 490.

Reversed and remanded.