[Henderson v. The State.]

# Henderson *v*. The State.

*Indictment for Obtaining Money under False Pretenses.*

1. *Charge refused when not shown to be in writing; presumption in reference thereto.*—The refusal of a charge requested, which is not shown to have been asked in writing, does not constitute a reversible error, but it will be presumed to have been refused because it was not in writing; all reasonable intendments being indulged to support the judgment of the trial court.

2. *Charge given at the request of the State; presumption as to its having been in writing.*—On an appeal in a criminal case, where the contrary does not affirmatively appear, it will be presumed that a charge given at the request of the solicitor for the State was asked in writing.

3. *Indictment for obtaining money under false pretenses.*—On a trial under an indictment for obtaining money under false pretenses, a charge which instructs the jury that if they believe beyond a reasonable doubt from the evidence that the defendant did falsely pretend to the person named in the indictment, "with the intent to defraud him, that he had then earned in time with the railroad eighteen dollars, and thereby obtained from him eighteen dollars, the defendant should be convicted," asserts a correct proposition of law; and the facts of the case being properly hypothesized, it is not error for the court to give such charge at the request of the State.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellant in this case, Porter Henderson, was tried and convicted for obtaining money under false pretenses; it being charged that with the intent to defraud James T. Andrew, the defendant did falsely pretend that he had earned from the Plant System Railway eighteen dollars, and that by means of such false pretenses, received from James T. Andrew eighteen dollars.

There was evidence tending to show that the defendant was guilty as charged.

[Henderson v. The State.]

The bill of exceptions contains the following recital with reference to the giving of the charge requested by the State: "The following charge was given at the request of the State, to which the defendant duly excepted: 'If the jury believe beyond a reasonable doubt from the evidence, that the defendant did falsely pretend to James T. Andrew with the intent to defraud him, that he had then earned in time with the railroad $18 and thereby obtained from him eighteen dollars, the defendant should be convicted, if the jury further believe from the evidence beyond a reasonable doubt that this was done in Montgomery county, and within twelve months before the finding of the indictment."

The bill of exceptions contains the following recital as to the charges requested by the defendant: "The following several charges were asked by the defendant and exceptions were duly made to their refusal." There then follows 12 charges requested by the defendant.

No counsel marked as appearing for appellant.

MASSEY WILSON, Attorney-General, for the State. It not appearing that the charges requested by the defendant were in writing, it will be presumed that they were refused on that account, and the court can not be put in error therefor.—*Walker v. State*, 91 Ala. 76; *Bellinger v. State*, 92 Ala. 86.

The charge given at the instance of the solicitor contained every element of the offense and was correct. *Woodbury v. State*, 69 Ala. 242; *Sandy v. State*, 60 Ala. 58.

TYSON, J.—Since the decision in *Crosby v. Hutchinson*, 53 Ala. 5, it has been uniformly held that the judgment of a trial court can not be reversed for its refusal to give a charge asked, unless it appears that it was asked in writing as the statute, (Code, § 3328), requires. This is upon the familiar principle that all reasonable intendments must be indulged to support the judgment of a court of general jurisdiction, and that unless error is affirmatively shown by the record, no reversal can be had.

[Sandwich v. The State.]

The several charges refused to defendant are not shown to have been in writing. This, of itself, justified their refusal, and we can not consider them.—*Wheless v. Rhodes,* 70 Ala. 419; *Ricketts v. Birmingham St. Railway Co.,* 85 Ala. 600; *Walker v. State,* 91 Ala. 76; *Bellinger v. State,* 92 Ala. 86; *Foxworth v. Brown,* 114 Ala. 299.

The charge given at the request of the solicitor is not shown not to have been in writing. Applying the same rule of presumption, we are constrained to hold that it was requested in writing, the contrary not affirmatively appearing. It properly hypothesized the facts and asserted a correct proposition of law.—*Woodbury v. State,* 69 Ala. 242; *Sandy v. State,* 60 Ala. 58.

Affirmed.