# Johnson *v.* The State.

## *Violating Prohibition Law.*

(Decided Jan. 11, 1912. 57 South. 499.)

1. *Intoxicating Liquor; Sales; Evidence; Intoxicating Effect.*—Where a witness testified that he purchased four bottles of liquid, which he drank in about thirty minutes, he may state that the liquid so drank had an intoxicating effect upon him, or that it intoxicated him.

2. *Appeal and Error; Record; Requesting Charges.*—It must affirmatively appear from the record that the charges requested and refused were in writing as required by section 5364, Code 1907, before the trial court will be put in error for refusing them.

3. *Trial; Reading Testimony to the Jury.*—It is proper for the court to permit the official stenographer to read over to the jury at its request the evidence of one of the witnesses, for the purpose of refreshing the jury's memory with reference thereto.

4. *Costs; Hard Labor; Rate Per Day.*—The rate per day at which one may be sentenced to hard labor for the payment of fine and costs, is 75 cents, and not 40 cents.

[Johnson v. The State.]

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Lee Johnson was convicted of violating the prohibition law, and he appeals. Corrected and affirmed. .

The prosecuting witness testified that he bought four bottles of liquid, which in his best judgmnet was lager beer; that he drank the four bottles in about 30 minutes; and the solicitor asked him if he could feel any stimulating effects therefrom. The defendant objected to this question, and moved the court to exclude the answer, which was: "Yes, sir," it intoxicated. me. I was fully intoxicated, and these four bottles were the only things that I had had to drink that was intoxicating that day."

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court will correct and affirm so far as the costs are concerned.—*Dowling v. City of Troy,* 56 Ala. 118. It was competent for the witness to testify that the fluid had an intoxicating effect upon him.—*Marks v. The State,* 159 Ala. 71; *Knowles v. The State,* 80 Ala. 9. It does not appear that the charges were requested in writing, and hence, they cannot be reviewed.

PELHAM, J.—The defendant was convicted of a violation of the prohibition law. Section 7352 of the Code of 1907.

The state's witness was properly allowed to testify to the intoxicating effect of the liquor purchased.—*Marks v. State,* 159 Ala. 71, 48 South. 864, 133 Am. St. Rep. 20; *Brantley v. State,* 91 Ala. 47, 8 South. 816; *Carl v. State,* 87 Ala. 17, 6 South. 118, 4 L. R. A. 380; *Knowles v. State,* 80 Ala. 9.

[Johnson v. The State.]

The charges set out in the record as refused are not shown to have been asked in writing or to have been separately asked or refused. The only statement in reference to the charges is as follows: "Here the defendant asked the following charges, which were refused by the court." Following this statement in the bill of exceptions six charges are set out, but are not shown to have been in writing. Charges moved for must be in writing (Code, § 5364), and unless the record affirmatively shows that the charges asked were in writing, the trial court will not be put in error for their refusal.—*Henderson v. State*, 137 Ala. 83, 34 South. 828; *Foxworth v. Brown*, 114 Ala. 299, 21 South. 413; *Bellinger v. State*, 92 Ala. 86, 9 South. 399; *Walker v. State*, 91 Ala. 76, 9 South. 87; *Rickets v. B. S. Ry. Co.* 85 Ala. 600, 5 South. 353; *Wheless v. Rhodes*, 70 Ala. 419; *Crosby v. Hutchinson*, 53 Ala. .5.

It was not improper for the court to allow the official stenographer at the request of the jury to read over to them the evidence of one of the witnesses as taken by the reporter to refresh the memory of the jury as to what had been testified to by the witness. The objection and exception to the court's allowing this to be done is shown by the bill of exceptions as having been taken after the court had permitted it.

The judgment entry shows the defendant was sentenced to work out the costs at the rate of 40 cents per day, when the rate should have been 75 cents per day, and the judgment will be here corrected in that respect, and, as so corrected, the case will be affirmed.—*Dowling v. City of Troy*, 1 Ala. App. 508, 56 South. 118; *Johnson v. State*, 94 Ala. 35, 10 South. 667; *Vaughan v. State*, 83 Ala. 55, 3 South. 530; *Miller v. State*, 77 Ala. 41; *Bradley v. State*, 69 Ala. 318.

Corrected and affirmed.