[Criminal No. 352½.   Filed June 15, 1914.]

[141 Pac. 710.]

## FEDERICO MERINO and BRIGIDO LIRA, Appellants, v. STATE, Respondent.

1. CRIMINAL LAW—TRIAL—INSTRUCTIONS—WEIGHT OF EVIDENCE.—An instruction, in a prosecution for larceny, that the intent with which defendants committed the crime complained of must be determined by the jury from all the evidence in the case is erroneous, being an unwarrantable invasion of the province of the jury in informing them that a crime had been committed.

[As to invasion by court of province of jury, see note in 14 Am. St. Rep. 36.]

2. CRIMINAL LAW—APPEAL—HARMLESS ERROR.—In a criminal prosecution, the giving of an instruction that the jury must determine from all the evidence in the case the intent with which accused committed the crime complained of is reversible error, and cannot be disregarded, as it directly informed the jury that a crime, the matter to be determined, had been committed.

APPEAL from a judgment of the Superior Court of the County of Greenlee. F. B. Laine, Judge. Reversed and remanded.

The facts are stated in the opinion.

Mr. L. Kearney, for Appellants.

Mr. G. P. Bullard, Attorney General, and Mr. Leslie C. Hardy, Assistant Attorney General, for Respondent.

PER CURIAM.—These appellants were jointly charged by information with Genoveno Lujan with the crime of grand larceny.

The evidence is practically the same as in the Lujan case, just decided. The instruction complained of, if possible, is more inviting to criticism than the one in the Lujan case (*ante,* p. 123, 141 Pac. 706). It is:

"The intent with which the defendants committed the *crime* complained of must be determined by you from all the evidence in the case."

Here the jury are told that the defendants committed the act, and that it was a *crime.*

We cannot refrain from saying that it seems to us that errors so patent and egregious must be the result of carelessness and inapplication. A little care and industry applied to each individual case, so that the court may correctly "declare the law," would relieve this court from the unpleasant duty of reversing cases and ordering new trials entailing expenses on both defendant and the state. Such errors in the administration of the law give rise to much complaint, and the courts are blamed for being technical; whereas, the courts are simply insisting that no man, whatever his station in life, shall be unlawfully tried and punished. This duty of protecting the meanest as well as the most exalted person from the invasion of a substantial right, and forbidding the conviction of one charged with crime, except upon the well-settled rules of the criminal law, is a duty imposed upon us by the law, and our oaths as judges.

The rule of conduct prescribed by the Constitution that no cause shall be reversed for technical error in pleadings or proceedings, when upon the whole case it shall appear that substantial justice has been done, shall govern this court in all cases. If we catch the spirit and purpose of such a rule, its wisdom may not be gainsaid. But its liberal application, and, when so applied, its beneficial operation in the orderly administration of justice, must not impute to courts a license to impair in the trial of his cause any substantial right of one charged with crime. We do not reverse this case for technical reasons, for the palpable invasion and destruction of a vital and substantial right may in no wise be cloaked under the term "technicality," and such right thus frivolously dissipated. Upon the case presented it is apparent that the de-

fendant has been denied a trial wherein his substantial rights have been respected and conserved, and by reason thereof this case is reversed, because we are compelled to reverse it.

Judgment reversed and cause remanded for a new trial.