[Criminal No. 566.  Filed October 6, 1924.]

[229 Pac. 103.]

# MANUEL GARCIA and JOSE PEREZ, Appellants, v. STATE, Respondent.

1. CRIMINAL LAW—USE OF DIAGRAM NOT OBJECTED TO NOT REVIEWABLE.—Assignment that state's witnesses used diagram to illustrate their testimony without introducing it in evidence is not reviewable, where no objection to its use made and accused used it for same purpose.

2. CRIMINAL LAW—IDENTIFICATION OF GLASS TAKEN FROM DOOR HELD SUFFICIENT TO WARRANT ITS ADMISSION IN EVIDENCE.—Where, a robbery had been committed by same parties who committed homicide for which defendants were prosecuted, identification of glass taken from door of place robbed *held* sufficient to warrant its admission in evidence.

3. CRIMINAL LAW—INTRODUCTION OF FINGER-PRINT PHOTOGRAPHS HELD NOT COMPELLING ACCUSED TO GIVE EVIDENCE AGAINST HIMSELF.—Introduction of finger-print photographs in evidence *held* not in violation of Constitution, article 2, section 10, where they were not obtained under coercion or compulsion, notwithstanding accused did not know of the use that was to be made of them.

4. CRIMINAL LAW—REQUESTED INSTRUCTION HELD PROPERLY MODIFIED.—Requested instruction, which was argumentative and commented on evidence, *held* properly modified by striking out the objectionable parts before being given.

5. CRIMINAL LAW—READING TESTIMONY TO JURY ON THEIR REQUEST HELD NOT ERROR.—Reading of testimony to jury on their request by court reporter, a sworn officer of court, under Civil Code of 1913, paragraph 619 et seq., after argument, but before court's instruction, *held* not error, where court instructed jury not to place special emphasis on testimony of any one witness.

---

2.   See 8 R. C. L. 180.

3.   Law of finger-prints, see note in Ann. Cas. 1917A, 417.
Finger-prints as evidence, see notes in 43 L. R. A. (N. S.) 1202;
3 B. R. C. 70; 16 A. L. R. 370. See, also, 8 R. C. L. 183.

5.   Right of jury to have stenographers' shorthand notes read, see note in 21 L. R. A. (N. S.) 931. See, also, 26 R. C. L. 1016.
See 16 C. J. 569 (1926 Anno.), 618, 1067, 1090; 17 C. J. 56, 211.

APPEAL from a judgment of the Superior Court of the County of Cochise. A. C. Lockwood, Judge. Affirmed.

Mr. O. Gibson, for Appellants.

Mr. John W. Murphy, Attorney General, and Mr. A. R. Lynch, Mr. Earl Anderson and Mr. E. W. McFarland, Assistant Attorneys General, for the State.

ROSS, J.—The appellants by the verdict of the jury were found guilty of murder in the first degree, and their punishment fixed at imprisonment for life. They were sentenced accordingly. They appeal from the judgment and the order overruling their motion for a new trial.

We pass by without discussing the first assignment of error to the effect that the diagram of grounds and buildings, used by the prosecution's witnesses to illustrate their testimony, was not introduced in evidence, and is not available on appeal to aid this court, for the reason the appellants made no objection to the use of such diagram, but on the contrary used it for the same purpose. If appellants wanted it made a part of the record they should have offered it in evidence.

The party or parties who committed the homicide, also at the same time, broke into and robbed the commissary of the John Slaughter ranch, situate in Cochise county, not far from the city of Douglas. The prosecution introduced in evidence, over appellants' objection, a piece of broken glass taken from the front door of the commissary, on which was a thumbprint and some blood stains. The objection made to its introduction was that it had not been properly identified, and further it was not shown to be in the same condition when photographed as it was in when removed from the commissary door. There were three witnesses who testified they saw the piece of

glass before it was removed from the door. They identified it by its peculiar shape, the location in it of a crack, by a finger-print, and by blood stains. It was removed from door by one Kemp or Camp, and placed in a cigar-box. On May 5th, the day following the homicide, it was given over by him to A. B. Murchison, who testified that it remained in his custody until the trial. This, we think, was ample identification of the piece of glass. If its introduction was objected to by appellants, they do not cite us to the place in the record where the objection was preserved. While no witness said in so many words it was, at the trial, or when it was photographed, in the same condition it was in before it was removed from the door of the commissary, that is the natural inference from the testimony. Appellants had an opportunity to ask witnesses if the condition of the glass was the same, but did not do so. The contention that the piece of glass was *improperly* admitted in evidence is without merit.

Police Sergeant Murchison, of the city of Douglas, took the finger-prints of appellants the day following their arrest, and a photograph of the thumb-print of Garcia so taken was introduced in evidence and identified by finger-print experts as being identical with a photograph of the thumb-print on the piece of glass taken from the door of the commissary. It is objected that the finger-print was obtained by the officer by false representations made to Garcia, who believed that all that was wanted was his signature; and further that the officer did not advise him of his rights before such print was taken. This assignment is based upon that provision of our Constitution which says:

"No person shall be compelled in any criminal case to give evidence against himself." Section 10, art. 2.

The officer testified that he informed appellants he was going to take their finger-prints for future use before he did so, and that they made no objection whatever. It is urged that appellants did not know what was wanted with the finger-prints, and that the officer should have advised them that the prints would likely be used as evidence against them.

We do not think the appellants' knowledge of the effect of the act is the test of admissibility. If it was submitted to without objection, and not under coercion or compulsion, the provision of the Constitution cited was not violated. The appellants were not compelled to give evidence against themselves. The rule laid down in *Moon* v. *State,* 22 Ariz. 418, 16 A. L. R. 362, 198 Pac. 288, is that where a party voluntarily suffers his finger-prints to be taken, no constitutional right is violated in introducing photographs thereof in evidence. We believe no court or law-writer has undertaken to announce a general rule by which to determine when the privilege against self-incrimination is violated; but that the privilege was not violated in the present case seems very clear. See 4 Wigmore, § 2265, for statement of the limits of the privilege and the cited cases in note; also, Underhill's Criminal Evidence, 3d ed., 1129.

The following instruction was asked in behalf of appellant Garcia:

"The jury are instructed that, even though you believe the finger or thumb print found upon the piece of glass introduced in evidence is the finger or thumb print of defendant Garcia, if you find the glass was in an exterior public place, where said defendant, in the course of his employment, had a right to go (and probably often went) in the discharge of his duty (his presence at such door, of which the glass mentioned was a part, was and is consistent with the hypothesis of his innocence), and if reasonable doubt of defendant Garcia's guilt arises in your mind from such hypothesis, or any other or others considered

either singly or together, you should acquit the defendant Garcia.''

This instruction was given by the court after striking out those portions of it that we have put into parentheses. We think the modification was necessary to a correct statement of the law. As requested, it commented upon the evidence, and was somewhat argumentative, which is not permissible under the law. *Merino* v. *State,* 16 Ariz. 132, 141 Pac. 710; *Lujan* v. *State,* 16 Ariz. 123, 141 Pac. 706.

It is next claimed the court erred in allowing the testimony of witness C. Viola Slaughter, on the request of one of the jurors, to be read to the jury by the court reporter. The juror's request was made after the arguments to the jury, but before the court's instructions were given. Counsel for appellants at the time urged as the reason for objecting that the reading of such testimony laid undue emphasis thereon, and gave undue prominence to a portion of the testimony. His assignment now is to that effect.

The testimony objected to, as all the testimony, had been taken phonographically by the court reporter, who is a sworn officer of the court. Paragraph 619 et seq., Civil Code 1913. There was and is no suggestion that it was not correctly reported. The court, before having the reporter read the testimony of witness, stated to the jury, in response to objection, that ''special emphasis should not be placed on the testimony of any one witness,'' but ''that they should give full, fair, and careful consideration to the evidence of each and every witness.'' We quote in answer to the contention of appellants on this point from *Commonwealth* v. *Bolger,* 229 Pa. 597, 79 Atl. 113, as follows:

''We know of no precedent . . . holding that any reversible error would be committed by a trial judge

when, in answer to request made by the jury, he permits their recollection to be refreshed by reading a portion of the testimony actually delivered on the trial, concerning which some misapprehension had arisen in the minds of the jury. It was upon the evidence as actually delivered that the defendant was to be tried, and we do not deem it necessary to collate the precedents, all of which tend to show that no reversible error can be found in the action of the trial court thus complained of.''

See, also, *Johnson* v. *State,* 3 Ala. App. 155, 57 South. 499; *State* v. *Rubaka,* 82 Conn. 59, 72 Atl. 566; *State* v. *Perkins,* 143 Iowa, 55, 20 Ann. Cas. 1217, 21 L. R. A. (N. S.) 931, 120 N. W. 62.

The course pursued by the trial court in this matter is the usual one. It seems that, if the juror was in doubt as to what the witness' testimony was, and he must have been from his request, it was perfectly proper to have the court reporter read it, so that he and all the other jurors might hear it again.

Finally, the overruling of all the grounds specified in the motion for a new trial is assigned as error. The only one of such grounds not already considered is that the verdict is contrary to the evidence. We have given the evidence sufficient examination to satisfy us that it amply supports the verdict. Besides the testimony of witnesses who saw appellants commit the crime, and so testified, the circumstances quite convincingly point to them as the guilty parties.

The judgment of conviction is affirmed.

McALISTER, C. J., and LYMAN, J., concur.