(89 South. 162)

### BURKE et al. v. STATE.    (1 Div. 404.)

(Court of Appeals of Alabama. May 17, 1921.)

1. **Robbery** ⬤⟳17(3)—**Money held referred to in indictment as lawful currency of the United States.**

The clause "lawful currency of the United States of America" *held* to refer to the "three $1 bills" and also to the "one $2 bill" in an indictment for robbery describing the property alleged to have been taken as "one $2 bill, and three $1 bills, lawful currency of the United States of America."

2. **Criminal law** ⬤⟳1166½(5)—**No prejudicial error in drawing of jury.**

In a robbery case, where order for venire was for 75 persons, including those drawn and summoned on the regular jury for that week, and the court drew 16 names, which, added to the 59 jurors "drawn and summoned for the week," made up the venire for the trial from which a jury was to be selected, *held*, that no prejudicial reversible error was committed in the drawing and selection of the jury.

3. **Criminal law** ⬤⟳1135(2)—**Point not made in trial court not considered on appeal.**

A complaint that the trial court made an improper order in that it directed a list of the jurors and a copy of the indictment be served on defendants instead of directing that such list and a copy of the indictment be served on each defendant could not be considered on appeal, where it did not appear that any point was made in the trial court as to the order, under Acts 1915, p. 708.

4. **Criminal law** ⬤⟳730(2)—**No complaint as to statement of solicitor where court sustained objection.**

Where solicitor in a prosecution for robbery stated to the jury before any evidence was introduced that the state expected the evidence to show that defendants had been robbing people every Saturday night for some time, and defendants objected to this statement, whereupon the court sustained the objection, defendants cannot complain, since the court did all it was called upon to do.

5. **Criminal law** ⬤⟳517(2)—**Admission of evidence as to confession held not reversible error.**

In a prosecution of several persons for robbery, there was no reversible error in overruling objection of defendants to question propounded to witness, "The night you arrested these women, did either one of them make a statement to you about the money, the $5.04, as to whether or not they took it from a man, or whether a man took it from them?" witness having stated that no threats were made nor inducement or reward offered to obtain this statement, an answer indicating that alleged confession was made by both of defendants, and objection not having been made on the ground that the question was objectionable as to form.

6. **Criminal law** ⬤⟳815(13)—**Instructions requiring acquittal of robbery properly refused where there were included offenses.**

Requested charges requiring an acquittal unless the jury should believe the defendants guilty of robbery were properly refused where as a matter of law embraced within the indictment were other lesser offenses for which the jury might have believed the defendants should have been convicted.

7. **Criminal law** ⬤⟳1137(3)—**Accused cannot complain of instruction given at his request.**

Accused cannot complain of error in an instruction requested by himself.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Annie Burke, alias "Derby," and Jennie Helen, alias Janie Helms, were convicted of robbery, and they appealed. Affirmed.

Sonny Boy was also indicted but the severance was granted upon motion of the state because he had not been arrested. The order for the venire was for 75 persons, including those drawn and summoned on the regular jury for that week. The court drew 16 names, which, added to the 59 jurors "drawn and summoned for the week," made up the venire for this trial from which a jury was to be selected. An order was entered demanding that a copy of the indictment together with the venire be served upon the defendant. The evidence tended to show that the three persons indicted assaulted Lewis Hardy, one by grabbing him by the arm, one with a drawn razor, the other with a knife, took from him $5.04. The evidence for the defendants tended to show that they had been held up by a party and $13 taken from them just previous thereto, and that they were simply retaking their money. The question propounded the witness Farmer was as follows:

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"The night you arrested these women, did either one of them make a statement to you about the money, the $5.04, as to whether or not they took it from a man, or whether or not a man took it from them?"

The following charges were requested by and refused to the defendants:

(8) If you believe from the evidence in this case that the money that was taken from said Lewis Hardy on the occasion named in the indictment was the property of Annie Burke, then you cannot convict said defendant for robbery, but must find her not guilty.

(9) Same as 8, with the substitution of the name of Janie Helen in the place of Annie Burke.

The following charge was given at the instance of the defendants:

(D) If you do not believe from the evidence that the defendants are guilty of robbery, then you must not convict them of any offense whatever.

Webb, McAlpine & Grove, of Mobile, for appellants.

The indictment was subject to the demurrer. 69 Ala. 249; 9 Ala. App. 29, 63 South. 754; 141 Ala. 75, 37 South. 377. The court erred in its order drawing the jury and serving a list on the defendant. Acts 1919, p. 1041; 69 Ala. 159. The statement of the solicitor was erroneous. 74 Ala. 386; 199 Ala. 411, 74 South. 454; 17 Ala. App. 353, 85 South. ,833. The defendants were entitled to the affirmative charge. 5 South. 461. On this authority, court erred in refusing charges 8 and 9. Court erred in the admission of the declaration of the defendant. 84 Ala. 417, 4 South. 823.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The indictment was not subject to demurrer. 117 Ala. 84, 23 South. 659. The technical error in the order of the court was not prejudicial. 204 Ala. 474, 85 South. 787; 85 South. 789; 202 Ala. 24, 79 South. 362. There was no merit in the other assignments.

MERRITT, J. [1] The appellants were convicted of robbery and sentenced to the penitentiary for a term of 10 years. The indictment described the property alleged to have been taken as "one $2 bill, and three $1 bills, lawful currency of the United States of America." Appellants demurred to the indictment on the theory that the clause "lawful currency of the United States of America," referred only to the "three $1 bills," and did not refer to the "one $2 bill." The demurrer was properly overruled. The allegations "one $2 bill" and "three $1 bills," it will be noted, are connected by the conjunctive word "and," and not by the disjunctive word "or," as was the case in Ashmon v. State, 9 Ala. App. 29, 63 South. 754, and thus differentiates the instant case. "Lawful currency of the United States of America," thus used, refers to both the "one $2 bill" and "three $1 bills." Thomas et al. v. State, 117 Ala. 84, 23 South. 659.

[2] No prejudicial reversible error was committed in the drawing and selection of the jury. Walker v. State, 204 Ala. 474, 85 South. 787.

[3] So far as the record discloses, for the first time the appellants now raise the question, that the trial court made an improper order, in that the court directed that a list of the jurors and a copy of the indictment be served on defendants, instead of directing that such list and a copy of the indictment be served on each defendant. The order is not properly a part of the record; it not appearing that any point was made in the trial court as to the order. Acts 1915, p. 708; Anderson v. State, 204 Ala. 476, 85 South. 789; Hardley v. State, 202 Ala. 24, 79 South. 362.

[4] The bill of exceptions recites that the solicitor stated to the jury, before any evidence was introduced, that the state expected the evidence in this case to show the defendants had been robbing people at Prichard every Saturday night for some time, and that the appellants objected to the statement, whereupon the court sustained the objection. Since the court did all it was called upon to do, it would appear that the defendants cannot complain. Bud Boyett v. State, post, p. 363, 92 South. 515.

[5] There was no reversible error in overruling the objection of the defendants to the question propounded by the state to the witness for the state J. H. Farmer. No testimony of the witness was received as to an alleged confession until the witness had stated that no threats were made, nor inducement or reward offered to obtain the statement. If the form of the question as to a confession by the defendants was objectionable to either or both of the defendants, objection should have been made on such grounds. The answers, however, indicate the alleged confession to have been made by both of the defendants.

The evidence was in conflict, and the refusal of the affirmative charge to each of the defendants was without error.

[6] Written charges 8 and 9 were properly refused, in that they required an acquittal unless the jury should believe the defendant guilty of robbery, when as a matter of law embraced within the indictment were other lesser offenses, for which the jury might have believed the defendant should have been convicted.

[7] Written charge D was given at the request of the appellants, and if erroneous, appellants cannot complain of error invited by them. 1 Michie Digest, p. 500, § 882; 13 Michie Digest, p. 148, § 882.

We find no reversible error in the record, and the judgment of conviction must be affirmed.

Affirmed.