220 So.2d 872

**Ola Mae HEATH**

v.

**STATE.**

**6 Div. 368.**

Court of Appeals of Alabama.

Nov. 26, 1968.

Rehearing Denied Jan. 7, 1969.

Wm. C. McCain, Tuscaloosa, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted in Tuscaloosa County, Alabama for the offenses of grand larceny and receiving and concealing stolen property. The count of receiving and concealing stolen property was dropped before submission to the jury.

After pleading not guilty, appellant was tried by a jury, found guilty as charged, and sentenced by the court to a term of four years in the State penitentiary. From said judgment and sentence, this appeal is made.

Appellant contends in brief that the prosecution failed to prove the corpus delicti.

At the conclusion of the State's evidence, the defendant moved to exclude the evidence of the State on several grounds, among which was "that the State has failed to prove the corpus delicti in the case in that, one, they have offered no proof, no competent proof that anything has been stolen."

The court overruled the motion to exclude the evidence. Such ruling was in error and we, therefore, must reverse.

The only evidence offered by the prosecution in this respect was that of the witnesses, Brown, Spencer, and Hyche.

Mrs. Brown testified that she was employed at the House of Fashions, a women's wear store; that she and a Mrs. Spencer were employed there on July 25, 1967, on which date she (the witness) was in the store alone when the appellant and two other people came in; that they looked at various items of merchandise and left after inquiring directions to another shopping center.

On cross-examination, Mrs. Brown testified that she was unable to swear that the "aqua cocktail dress" identified as Exhibit No. 1, was in the store on the 24th of July or on the 25th of July, the date of the alleged theft. She also testified that she could not swear that the dress was not sold from the stock of the House of Fashions during the regular course of business.

Mrs. Spencer testified that on the afternoon of July 25, 1967, she went to work at the House of Fashions; that she saw the defendant in the store at that time in the company of another lady and that she saw them leave the store together and drive off in a "whitish looking car." The witness further testified that on July 24, the day prior to the alleged robbery she inventoried "one acqua cocktail dress with matching jacket, size fourteen, by Charles W" and that she did not sell the dress that day or on the next day, July 25, 1967 or thereafter.

On cross-examination, Mrs. Spencer testified that she could not swear that the dress she inventoried on July 24 was stolen nor could she swear that it was not sold in the regular course of business.

Alton Hyche testified that he was the owner of the House of Fashions on July 24 and 25, 1967. He testified on cross-examination that he could not swear from his personal knowledge that the aqua cocktail dress, identified as Exhibit No. 1, was not sold in the regular course of business.

In the case of Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L.R.A.,N.S., 536, the Supreme Court of Alabama reversed the judgment of conviction of larceny because the State had failed to establish a corpus delicti. In that case the owner of the property alleged to have been stolen testified that:

"[I]n January, 1909, before the finding of the indictment, he recovered from the defendant 16 pairs of pants and 3 pairs of shoes. That he (the witness) had never sold any goods like these to the defendant. That the pants were worth from $1 to $2.50 wholesale, and some of them $3, a pair. That the shoes were worth $5 a pair. That these shoes and pants came out of the witness' store at Pleasant Ridge, and, so far as the witness knew, they were obtained from said store without the witness' knowledge or consent. * * *"

On cross-examination, the alleged owner of the property in *Sanders,* supra, testified that he did not sell the pants and shoes himself "but could not swear that said 16 pairs of pants and 3 pairs of shoes, or any of them, were stolen." The court there stated in part:

"* * * There was not a particle of evidence to show that any theft was ever committed, as to the property in question, or as to any other. There was some evidence of the 'corpus', but none of the 'delicti.'

"The rule as to sufficiency of the evidence to support a conviction, in cases like this, is thus stated in Russell on Crimes, vol. 2, pp. 294, 295: 'Where the prosecutor kept a large toyshop, and the prisoner, a little boy, came into the shop dressed in a smock frock, and after remaining there some time, from suspicion exerted, he was searched, and under his smock frock were found concealed a doll, six toyhouses, and such other things, and the prosecutor swore that he believed the six toyhouses to be his property, because they exactly resembled other toyhouses of the same sort which he had in his shop,

and he gave the same evidence with regard to all the other articles except the doll, and he swore that the doll had been his, as he found upon it his private mark; but he could not say that he had not sold it, and he had not missed, and could not miss, from the nature of the stock, any of the articles which the prisoner was charged with stealing, Earle, J., said: "It seems to me that you have failed to establish in this case the corpus delicti. It is true the prosecutor swears that the doll was once his, but he cannot state that it was taken from him; and, for aught that appears to the contrary, the prisoner may have come by it in an honest manner." And an acquittal was directed.'

"It will be observed that there was no proof that the goods found in defendant's possession were ever lost; much less, stolen."

We are of the opinion that the testimony presented in the case at bar falls short of establishing a corpus delicti by facts or circumstances. All that has been proven was that the alleged stolen dresses were found in an automobile in which appellant was allegedly riding; that prior to this time appellant was in the store from which the property was supposedly stolen. However, in this case, as in the *Sanders* case, supra, none of the prosecuting witnesses could swear that the property was stolen nor could they testify that the property was not sold in the regular course of business.

Corpus delicti may be proven by circumstances as well as by positive facts. Robinson v. State, 43 Ala.App. 111, 180 So. 2d 282. However, mere suspicion is not sufficient to establish a corpus delicti.

We are, therefore, compelled to hold that no corpus delicti has been proven and appellant's motion to exclude the State's evidence should have been granted.

The judgment in this cause is due to be reversed and the cause remanded.

Reversed and remanded.