314 So.2d 876

**Dorothy J. JONES, alias**

v.

**STATE.**

**3 Div. 303.**

Court of Criminal Appeals of Alabama.

March 18, 1975.

Rehearing Denied April 22, 1975.

Elno A. Smith, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Kermit M. Downs, Asst. Atty. Gen., for the State, appellee.

CATES, Presiding Judge.

Grand Larceny (shoplifting [1] to the value of over $5.00): sentence, two years in the penitentiary. Code 1940, T. 14, § 331, as amended. Appellant has not complied with Rule A, 49 Ala.App. XXI.

I

Appellant was observed by a store security guard through a one-way mirror. She took a man's sweater, rolled it up and put it under her blouse. After apprehension, she also disgorged a pair of men's Hells Bells trousers saying she found them on the floors.

The defense was that the merchandise was not hidden, rather appellant was hold-

1. In this state we have a so-called "shoplifting" statute—Act No. 184, August 9, 1957. This merely purports to abolish civil causes of action for false arrest, false imprisonment and unlawful detainer. Michie has erroneously attempted to codify it as part of the criminal volume of the code as § 334(1) of T. 14, Michie's 1958 unofficial Code. See *Super X Drugs of Alabama v. Martz*, 51 Ala.App. 370, 286 So.2d 47, which holds that this law confers no immunity for assault and battery. It would seem that this omission makes the Act nugatory.

ing the garments over her arm preparatory to seeking a salesclerk. This, of course, presented a jury question.

## II

■ The jury returned to ask in effect if there could be asportation without proof of the shopper leaving the premises. Without appellant's counsel excepting to his charge, the judge told the jury:

"THE COURT: I understand you have a question.

"THE FOREMAN: Your Honor, we have a question as to whether or not a person can be considered for this crime if they have not left the store with the merchandise? Can they be charged with removing that merchandise?

"THE COURT: It is the law if there is an intention to steal and you just move it from here to here, that would be sufficient.

"THE FOREMAN: Okay. That would satisfy us.

"THE COURT: A person would have to have the intention of stealing it.

"THE FOREMAN: That is sufficient.

"THE COURT: Retire."

■ In view of the State's evidence to show the hiding of the clothing the supplemental direction to the jury was not erroneous. Intent to deprive the owner of possession is the indispensable mental ingredient of stealing. Taking goods openly from one place to another where there is a check-out counter is not proof of asportation.

In *Heath v. State,* 44 Ala.App. 701, 220 So.2d 872, the State failed to show felonious taking. The mere possession (even off the premises) by the putative thief without proof of non consensual taking (e. g., negativing a sale in the course of business) was there not enough.

In this record there was sufficient proof to justify the denial of appellant's motion for new trial.

In *Groomes v. United States,* D.C.Mun. App., 155 A.2d 73, the accused was in a self-service store which had a check-out counter. Before she got to the cash register gate she was seen stuffing her purse with two articles from a shelf. She closed the pocketbook. In her shopping cart were other articles not hidden. The appellate court applied the common sense rule of pro tanto asportation.

"* * * It is quite true, as appellant argues, that the burden of truth to establish a taking and asportation is more onerous on the Government where the larceny alleged occurs in a self-service store. By this system of merchandising the patron is invited to select and take possession of the commodities he intends to purchase. Mere possession of the goods, however, does not pass title to the customer and the possession is of itself conditional in character until the merchandise is taken to the cashier and payment is made. * * *

"The Government's evidence in this case tended to prove that appellant's actions were wholly inconsistent with those of a prospective purchaser. It was established that the items once removed from the shelf were immediately secreted in her purse. At the time, the cart used by appellant was about half full of groceries. By concealing the articles in her purse separate and apart from the other goods in the cart, appellant acquired complete and exclusive control over the property. It is well settled that the elements of a taking and asportation are satisfied where the evidence shows that the property was taken from the owner and was concealed or put in a convenient place for removal. The fact that the possession was brief or that the person was detected before the goods could be removed from the owner's premises is immaterial. * * *

" * * * She contends that her return of the property to the store manager belies an intent to deprive the owner of its property permanently. Appellant's intention at the time she secured the property was a question solely within the province of the jury. The fact that she changed her mind or returned the property to escape prosecution does not purge the original taking. * * * "

See also the discussion in *Blakeney* v. *State*, 244 Ala. 262, 13 So.2d 430.

The judgment below is

Affirmed.

All the Judges concur.