327 So.2d 748

**Anthony Borden HARRIS**

v.

**STATE.**

**6 Div. 983.**

Court of Criminal Appeals of Alabama.

Feb. 17, 1976.

William J. Baxley, Atty. Gen., G. Daniel Evans, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Grand larceny (shoplifting $67.50 worth of phonograph records); sentence, ten years imprisonment.

**I**

The State put two security employees of Southeast Zayre, Inc. on the witness stand. Their testimony was that Harris and another man took record albums from store counters, put them in a brown paper sack, went through an unattended cash register aisle, and left the store without paying. They were overtaken by a citizen's arrest made some eight feet from the door.

The defense offered no evidence.

**II**

The trial judge instructed the jury in part:

> "The law further says that if a defendant is found in possession of recently stolen property, in the absence of a satisfactory explanation from the defendant the jury can infer that he was the one that stole the property; but that is to be considered with all the other evidence in the case. But first of all, before that principle of law came into play, you would have to find beyond a reasonable doubt and to a moral certainty that the defendant was actually in control of the stolen property."

In this case—because of the use of a check-out counter system—the completed act of asportation did not occur until the two thieves went past or evaded the place of payment, i. e., the designated cash register.[1] Immediately after they passed that point they were halted with the goods in hand.

The inference from possession of recently stolen goods is not necessary as a logical device where a thief is caught red-

1. See *Jones v. State*, 55 Ala.App. 274, 314 So.2d 876.

handed. Here both the taking and the carrying away were directly seen by witnesses for the prosecution. The above quote excerpt was surplusage in this case. Nor did it prejudice the appellant. See *Burleson v. State,* 52 Ala.App. 399, 293 So.2d 317.

The judgment below is

Affirmed.

All the Judges concur.