BOWEN, Judge.
The defendant was indicted and convicted for grand larceny and sentenced to five years’ imprisonment.
The defendant entered Delchamps Grocery Store on the Atlanta Highway in East Montgomery around 7:45 on the evening of March 12, 1978. She walked around the store and placed some items in her grocery cart. She went to the meat case and got two packages of bacon and fourteen hams and also placed them in her cart. The defendant then went to one of the aisles and “started putting it all in her purse” or diaper bag. She put the meat in the bag and left the other items in the cart. When confronted by the store manager and repeatedly asked what she had in the bag, the defendant said “nothing” and that she “didn’t have anything in the bag”.
The defendant “dumped” the meat back into the meat case when the store manager told her he was going to call the police. The defendant then left the store.
I
The defendant contends that the State did not prove the element of asportation in the crime of larceny. In Jones v. State, 55 Ala.App. 274, 314 So.2d 876, cert. denied, 55 Ala.App. 277, 314 So.2d 879 (1975), it was held that in a prosecution for larceny based upon a charge of shoplifting, evidence that the defendant had been observed by a store security guard taking a sweater, rolling it up and placing it under her blouse and that, after her apprehension, she also disgorged a pair of trousers and claimed that she had found them on the floor was sufficient to permit a finding of asportation even though the defendant never took the merchandise from the store premises.
In Harris v. State, 57 Ala.App. 253, 327 So.2d 748 (1976), the defendant placed some phonograph records in a paper bag and left through an unattended cash register aisle without paying. Affirming the conviction this court wrote:
“In this ease — because of the use of a check-out counter system — the completed act of asportation did not occur until the two thieves went past or evaded the place of payment, i. e., the designated cash register.1 Immediately after they passed *461 that point they were halted with the goods in hand.” Harris, 57 Ala.App. at 253, 327 So.2d at 748.
íhe footnote in this quoted material cites Jones, supra.
Jones makes it perfectly clear that, if a shopper moves merchandise from one place to another within a store with the intention to steal it, there has been asportation and the shopper may be found guilty of larceny. However taking goods openly from one place in a store to another does not constitute asportation.
The Harris case is not authority for the proposition that, for there to be larceny from a store using a check-out counter system, the completed act of asportation cannot occur until the individual takes the goods past the place of payment. The statement in Harris which appears to support such a holding is mere obiter dictum and not necessary or essential to the court’s determination of the merits of that case. To the extent that Harris may or could be construed as supporting such a proposition it is hereby expressly overruled. The correct rule of asportation is stated in Jones, supra.
In McKinnon v. State, 342 So.2d 24, 26 (Ala.Cr.App.), cert. denied, 342 So.2d 27 (Ala.1976), this court wrote:
“By concealing the albums underneath his coat and running from the building, the defendant acquired control over the property. In our judgment, the taking and asportation was completed when he concealed the items in his coat. See: Jones v. State, 55 Ala.App. 274, 314 So.2d 876.”
This issue is due to be decided against the defendant on authority of Jones, supra.
II
After the jury had begun its deliberations, the court, at the request of the jury, read a brief portion of the testimony which related to whether the defendant’s bag was closed after the meat was placed inside. This testimony was not contradicted by any other witness. The defendant did not present any testimony in her defense. The reading of the testimony was within the sound discretion of the trial judge. Cooper v. State, 340 So.2d 91 (Ala.Cr.App.1976); Johnson v. State, 3 Ala.App. 155, 57 So. 499 (1912).
We have searched the record and found no error prejudicial to the defendant. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges Concur.