SIMMONS, Retired Circuit Judge.
The indictment charges that defendant “did unlawfully attempt to take and carry away a pair of men’s Photogray sunglasses of the approximate value of twenty-five dollars, the personal property of C. J. Gay-fer & Co., Inc., a corporation, against the peace and dignity of the State of Alabama.”
The trial was held before the court without the aid of a jury. Appellant was convicted and sentenced to sixty days in jail.
At the conclusion of the State’s evidence, defendant moved to exclude the evidence. Defendant also moved for a new trial “and such other and further relief as the court may deem necessary and proper under the circumstances.” Both motions were timely overruled.
The State called James Smith as a witness. Mr. Smith, a security guard at Gay-fers in Mobile, Alabama, testified that on May 6, 1978, he observed the defendant at approximately 12:30 p. m. in the men’s department of Gayfers, at which time and place he saw defendant, while in the company of another man, looking at some sunglasses on display in the men’s department; that he moved a pair and put them “not inside a bag, but folded a bag-doubled a bag over, and held the sunglasses inside that. And he went from there to the Women’s Department-the Younger Woman’s-the Fashions Department, Department 55.” There he purchased a dress for a young lady “he later identified to me as his daughter.” While there and talking to his daughter, he concealed the sunglasses “down the front of his pants and from there he proceeded up the escalator and during some time, some period between the time he left the Fashions Department and he got on the escalator, is in my belief that he recognized-” Objection sustained. The witness then testified:
“From there he got on the escalator and he went up through the Infant’s Department and while in that department he removed the sunglasses from his pants and put them under some bibs in the Infant’s Department and from there he went to the bathroom. When he came *2 out of the bathroom we apprehended him.”
The witness said that in his judgment defendant had a charge account and did not pay any money for the dress. He made the purchase and completed the transaction.
It further appears from the evidence that Gayfers did not have a central check-out counter, but each department operated its own cash register; that each department took care of its own sales. It also appears from the evidence that it was about twenty-five yards from the men’s department to where he bought the dress, and where there was a cash register. Also the witness testified that it was ten to fifteen seconds from the time the defendant got off the escalator until he put the glasses under the bibs in the infant’s department.
Defendant took the stand and admitted being at the men’s department, and from there he went to the children’s department where he purchased a dress for his daughter. After making the purchase, he and his male companion took an escalator to the second floor and went to the restroom. He denied taking the sunglasses, denied that he ever had possession of them, and also denied that he left the men’s department with the item.
It has been held by this court that “larceny” is the felonious taking and carrying away of personal property of another with the intent on the part of the taker to convert it to his own use, or to deprive the owner thereof. McKinney v. State, 12 Ala.App. 155, 68 So. 518(4).
It appears to us that if the defendant was guilty of any offense, according to the State’s evidence, it was larceny and not an attempt to commit larceny as charged in the indictment. He either completed the act or never undertook an overt act as he testified.
We call attention to the recent case of Martin v. State, Ala.Cr.App., 371 So.2d 460, wherein it appears that appellant was convicted of larceny of certain grocery items which she concealed in a “purse” or diaper bag. We quote from the case as follows:
“The defendant contends that the State did not prove the element of asportation in the crime of larceny. In Jones v. State, 55 Ala.App. 274, 314 So.2d 876, cert. denied, 55 Ala.App. 277, 314 So.2d 879 (1975), it was held that in a prosecution for larceny based upon a charge of shoplifting, evidence that the defendant had been observed by a store security guard taking a sweater, rolling it up and placing it under her blouse and that, after her apprehension, she also disgorged a pair o'” trousers and claimed that she had founu them on the floor was sufficient to permit a finding of asportation even though the defendant never took the merchandise from the store premises.
“In Harris v. State, 57 Ala.App. 253, 327 So.2d 748 (1976), the defendant placed some phonograph records in a paper bag and left through an unattended cash register aisle without paying. Affirming the conviction this court wrote:
“ ‘In this case-because of the use of a check-out counter system-the completed act of asportation did not occur until the two thieves went past or evaded the place of payment, i. e., the designated cash register.1 Immediately after they passed that point they were halted with the goods in hand.’ Harris, 57 Ala.App. at 253, 327 So.2d at 748.
“The footnote in this quoted material cites Jones, supra.
“Jones makes it perfectly clear that, if a shopper moves merchandise from one place to another within a store with the intention to steal it, there has been aspor-tation and the shopper may be found guilty of larceny. However, taking goods openly from one place in a store to another does not constitute asportation.
“The Harris case is not authority for the proposition that, for there to be larceny from a store using a check-out counter system, the completed act of asportation cannot occur until the individual takes the goods past the place of payment. The statement in Harris which appears to support such a holding is mere obiter dictum and not necessary or essential to the court’s determination of the merits of *3 that case. To the extent that Harris may or could be construed as supporting such a proposition it is hereby expressly overruled. The correct rule of asportation is stated in Jones, supra.
“In McKinnon v. State, 342 So.2d 24, 26 (Ala.Cr.App.), cert. denied, 342 So.2d 27 (Ala.1976), this court wrote:
“ ‘By concealing the albums underneath his coat and running from the building, the defendant acquired control over the property. In our judgment, the taking and asportation was completed when he concealed the items in his coat. See: Jones v. State, 55 Ala.App. 274, 314 So.2d 876.’
“This issue is due to be decided against the defendant on authority of Jones, supra.”
In the instant case, there was evidence of concealment of the sunglasses from the time the defendant picked them up at the display counter until he hid them under some bibs in the infant’s department.
We are impressed that defendant’s motion to exclude the evidence or the motion to vacate the verdict of the jury should have been granted.
Cochran v. State, 42 Ala.App. 144, 155 So.2d 530, cert. denied, 275 Ala. 693, 155 So.2d 533, held that the evidence of the State tended to show that defendant was guilty of robbery and could not be convicted of assault with intent to rob-a lesser offense embraced in the indictment for robbery. We quote from Cochran:
“The motion to set aside the judgment should have been granted because, as pointed out in the fifth ground of that motion, under the evidence the defendant was either guilty as charged or he was guilty of nothing.
* * sft sfc sfc *
“We are aware that a jury may believe part of the evidence of a witness and reject part. Southern Ry. Co. v. Gantt, 210 Ala. 383, 98 So. 192. However, all of the evidence of the prosecuting witness is to the effect that the defendant took seventy-five cents from her purse by force, etc. At no time does she testify that the defendant attempted to rob her but failed.
“As pointed out above, the essential elements of the crime of attempting to commit a robbery include the frustration of an overt attempt to rob. Therefore, the judgment of conviction is reversed, and a judgment is here rendered discharging the appellant from further custody in this proceeding.”
It appears from the evidence of the State that there was a completed act of theft and not a frustrated attempt to steal. The fact that defendant attempted to cover up the theft by hiding the item under a bib in the infant’s department did not relieve him of his guilt of larceny. As in Cochran, supra, there was no frustration of the actual theft so as to support an attempt to commit larceny as charged in the indictment.
Defendant denied taking possession of the sunglasses. Therefore, under the evidence he was guilty of larceny or nothing. The indictment for attempting to commit larceny was improvidently returned. The evidence supported a charge of larceny and not an attempt.
The court erred in denying the motion to exclude; also in denying the motion to vacate the verdict.
The judgment is reversed and the cause is rendered.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a Retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REVERSED AND RENDERED.
All the Judges concur.