The Grand Jury of Jefferson County Circuit Court, Bessemer Division returned an indictment against the appellant, Tyrone Jelks, charging him with the offense of robbery in the third degree, a class c felony. He entered a plea of not guilty. A jury returned a verdict finding the appellant guilty of theft of property as charged in the indictment, and fixing the value of the stolen *Page 846 
property at $26.00. After a sentencing hearing, the trial court found from evidence presented by the state and the appellant, that the appellant had two prior felony convictions, and sentenced the appellant to ten years in the penitentiary. The appellant appeals to this Court.
The appellant was represented at all proceedings in the trial court by counsel of his choice, and is represented in this Court by different counsel appointed by the trial court. This appeal was submitted to this Court on briefs.
The appellant states in his brief eight reasons why his conviction should be reversed because the trial court committed prejudicial error: (1) In not granting appellant's timely motion to exclude, and in not allowing appellant to motion the court, out of the jury's presence, relative to witness Stroud's testimony concerning appellant's photograph; (2) In overruling appellant's timely objection to non-responsive answer, and overruling appellant's timely motion to have answer excluded; (3) In failing to give appellant's request for jury instruction six after the court marked said instruction given; (4) In overruling appellant's motion to dismiss, and motion for a directed verdict on the basis that the state failed to prove a prima facie case of robbery, or other lesser included offense, to-wit: Theft, as charged in the indictment; (5) In allowing into evidence a statement given by the appellant to the police without appellant being given his constitutional rights after this incident shifted from the investigatory stage to accusatory stage; (6) In overruling appellant's timely objection, and motion to exclude state's question from the jury; (7) In not dismissing the charge against appellant on the plea of former jeopardy; and (8) In sentencing appellant under the statutes which enhanced punishment for habitual criminals and successive offenses.
State's evidence tended to prove that on March 15, 1980 state's witness Culpepper was working as a security agent in the J.C. Penny Store in Western Mall, in Fairfield, located in the Bessemer Division of Jefferson County, Alabama. That about 2:45 P.M. Culpepper saw the appellant leave the store, and later saw him re-enter the store. That about 3:30 P.M. Culpepper saw the appellant remove a shirt on a hanger from a rack of shirts in the store, and saw appellant take the shirt to another rack of dissimilar shirts, and lay the shirt into the rack of dissimilar shirts, and strip the shirt off its hanger, roll it up, clutch it with both hands, and walk into the blue jean section of that department of the store. In the blue jean section, appellant, with his back to Culpepper, pulled back some blue jeans on a rack, and stepped into the rack of blue jeans, and bent or stooped down, and started fondling with the waist part of his pants or body. At this time Culpepper could not see appellant's hands. That after about fifteen seconds the appellant stood up, stepped away from the blue jeans, and started walking out of that department of the store. Witness Culpepper had been observing the appellant through a one-way window in a security room overlooking the men's department, and when the appellant began to leave the department, Culpepper left the security room, checked the shirt rack where he had seen the appellant take the shirt from its hanger, found the hanger, walked to the blue jeans where appellant had stood, looked underneath the blue jeans to see if appellant had dropped the shirt there. That Culpepper did not find the shirt among the blue jeans. That the value of the shirt was $26.00.
State's evidence further tended to prove that Culpepper summoned his assistant, and followed the appellant, and as they walked out into the parking lot another associate joined them, and when Culpepper and his associates went out the J.C. Penny door, the appellant was some ten or twelve feet ahead of them. The appellant was walking toward his car, and as Culpepper and his associates came up to the appellant, Culpepper spoke to the appellant, and identified himself as J.C. Penny security agent, and asked the appellant to stop. The appellant ignored the request to stop, and replied that he didn't have anything to talk to Culpepper about. Culpepper and his associates then ran up behind the appellant in an *Page 847 
attempt to question him, and the appellant turned around with a drawn knife, and threatened to cut anyone of the three security personnel who touched the appellant. When the appellant drew the knife, and threatened to cut anyone who touched him, the security guards, being unarmed, withdrew, but when appellant ran for his car, the security guards followed him, and arrived at appellant's car at about the same time as the appellant. As the appellant was getting in on the driver's side, Mr. Culpepper observed a shirt on the passenger side of the back seat of appellant's car that looked the same color and description as the one Culpepper had seen appellant take from the hanger in the store and roll up. The appellant then drove away. One of the security guards took down the number of the car tag. That Culpepper followed the appellant, who drove to 5118 Avenue C. in Fairfield, and got out of the car, and entered the residence at that address.
State's evidence further tended to prove that Culpepper then went to the Fairfield Police Department, and got Officer Stroud to go to 5118 Avenue C. in Fairfield, and knock on the door, and that there was no answer, and then Culpepper and Officer Stroud returned to the Fairfield Police Department. That when they arrived back at the Police Department, it had been about thirty or forty minutes after the time the appellant had drawn the knife on Culpepper and his associates in the parking lot at J.C. Penny's Store, in about five minutes the appellant walked in. That on a computer check of the tag number the security guard had taken from the car as it left the parking lot at J.C. Penny's Store, it was determined that the tag was issued to a person by the name of Jelks. That Officer Stroud immediately pulled from his files photographs of Mr. Tyrone Jelks, and showed them to Mr. Culpepper and his associate. Officer Stroud then arrested appellant on a warrant signed by Mr. Culpepper charging appellant with theft in the third degree, and menacing. The warrants were returnable to Fairfield Municipal Court. Both charges were later dismissed without a hearing on the request of Officer Stroud. The appellant was present at the Fairfield Municipal Court when the charges were dismissed, but he was not called before the Court.
The appellant's evidence consisted of one witness, Mr. Culpepper, whose testimony was substantially the same as given on direct examination when first called by the state. The appellant did not testify.
The first error complained of by the appellant in his brief is that the trial court erred to his prejudice by not granting appellant's timely motion to exclude, and in not allowing appellant to motion the court out of the jury's presence relative to witness Stroud's testimony concerning appellant's photographs. We quote from the record, during the direct examination of state's witness, Officer Stroud, by state's counsel, Mr. Tucker.
 "Q When you got back to police headquarters, what if anything did you and Mr. Culpepper do at that time?
 "A We got back to police headquarters. The computer had given us a tag number showing the car registered to a person by the name of Jelks. I don't know what the first name was. But it was registered to Jelks.
 "So, I immediately pulled photographs of Mr. Tyrone Jelks and carried them back to the squad room for Mr. Culpepper and Sams to look at.
 "MR. ARMSTRONG: Judge, I object and move to exclude that. I would have a motion I would like to make outside the presence of the jury.
"THE COURT: Overruled."
We have searched the record and do not find where the appellant assigned any grounds for his objection or motion. It has long been the law in this state that objections to the admission of evidence must be made at the time the evidence is offered, and must state the specific grounds so that the trial court may rule on the matter. Grounds of objection should not be raised for the first time on appeal. The appellant did not raise the issue of prejudice of the witness' answer during the *Page 848 
course of the trial. He raised the issue for the first time in his brief filed in this Court. We find no prejudicial error in the court's ruling. Starling v. State, Ala.Cr.App.,398 So.2d 337, certiorari denied, Ala., 398 So.2d 342; Johnson v. State, Ala.Cr.App., 364 So.2d 1187, certiorari denied, Ala.,364 So.2d 1190; Slinker v. State, Ala.Cr.App., 344 So.2d 1264.
The second error complained of by the appellant in his brief is that the trial court erred to his prejudice by not allowing appellant's motion to exclude an answer made by state's witness, Mr. Culpepper, during appellant's cross-examination. We quote from the record.
 "Q And describe to the jury, exactly what he did? Exactly what his motions were? What his movements were? What your movements were?
 "A He was already starting to get into a row of cars as we approached him. We were again — had cause to believe he had stolen something.
 "MR. ARMSTRONG: Well I object, Judge. The only thing I can do is to move to exclude as being non-responsive. In other words, what he assumed would not be responsive to what the defendant did as far as body motions were concerned. Ask the Court to instruct the jury not to consider it.
"THE COURT: Overruled. Let's proceed."
The witness Culpepper had already testified, without objection, on direct examination by state's counsel, to facts that clearly showed that he believed the appellant had stolen a shirt. That he had seen the appellant take a shirt off of a rack and hanger, and believed he was leaving the store with it, without paying for it. The refusal of the trial court to exclude Culpepper's statement, "We had cause to believe he had stolen something," if error, was error without injury, because it appears that it had already been admitted to the jury without objection. Crenshaw v. State, 205 Ala. 256, 87 So. 328;Hayes v. State, Ala.Cr.App., 395 So.2d 127, certiorari denied, Ala., 395 So.2d 150.
The third error complained of by the appellant in his brief is that the trial court committed reversible error when it marked defendant's requested, written charge number six given, and then failed to give it to the jury.
The record in this case shows that defendant's requested, written charge number six is in words and figures, as follows:
 "I charge you that if you believe from the evidence that the deceased made a sudden unprovoked murderous attack upon defendant, deceased at the time being armed with a deadly weapon and in the act of effectuating upon the defendant his murderous purpose, then, I charge you, the defendant was under no duty to retreat, but had the right to stand his ground and kill his assailant.
"/s/ Given Reynolds, Judge."
If written jury instruction number six was given at the request of the appellant, he cannot complain of the error of the trial court in giving it because he requested it. One is not allowed to invite error and then complain of the error.Mack v. State, Ala.Cr.App., 348 So.2d 524; Day v. State,199 Ala. 278, 74 So. 352; Burke v. State, 18 Ala. App. 152,89 So. 162; Steele v. State, 19 Ala. App. 598, 99 So. 745. If appellant's written, requested instruction number six was not, in fact, given to the jury, then it was properly refused because it is misleading, abstract, and confusing, and is not a proper instruction in a case of this kind. Mack v. State,supra; Traywick v. State, Ala.Cr.App., 378 So.2d 1196.
The fourth error complained of by the appellant in his brief is that the trial court erred to his prejudice when it overruled his motion to dismiss, and for a directed verdict on the basis that the state failed to prove a prima facie case. The jury verdict found the appellant guilty of theft of property as charged in the indictment, and fixed the value of the stolen property at $26.00. Theft of property in the second degree is a class c felony. Code Of Alabama, 1975, Sec. 13A-8-4
(b). We hold that state's evidence was sufficient to sustain *Page 849 
the jury verdict of theft of property in the second degree, a class c felony. Code Of Alabama, 1975, Sec. 13A-8-4 (e) provides that, "The theft of property which exceeds $25.00 in value, and which is taken from or in a building where said property is sold or stored, constitutes theft of property in the second degree." Blakeney v. State, 31 Ala. App. 154,13 So.2d 424, 244 Ala. 262, 13 So.2d 430; Martin, alias Walker v.State, Ala.Cr.App., 371 So.2d 460; Mauldin v. State, Ala.Cr.App., 376 So.2d 788, certiorari denied, Ala.,376 So.2d 793; Richardson v. State, Ala.Cr.App., 390 So.2d 1, Ala.,390 So.2d 4, Ala.Cr.App., 390 So.2d 6; Jones v. State, 55 Ala. App. 274, 314 So.2d 876.
The fifth error complained of by the appellant in his brief is that the trial court erred to his prejudice by allowing into evidence a statement given by the appellant to the police without appellant being given his constitutional rights after the incident shifted from the investigatory stage to the accusatory stage. Officer William R. Stroud, a police officer of the City of Fairfield, was a state witness, and during his direct examination by state's counsel the following occurred:
 "Q When you got back and saw this defendant there, what if anything did you do at that time?
 "A Well, I was called to the front desk by the dispatcher. And once I got up there, Mr. Jelks walked over to me and told me — I don't remember what the number was, but he said some white males attempted to mug him at J.C. Penny's and that he had drew a knife on them."
There was no objection, nor motion of any kind, made at the time to this testimony by the appellant. The record shows that Officer Stroud had not, either before or after this occurrence, asked the appellant a single question. The statement was a voluntary statement made by the appellant to the officer. A spontaneous statement, made by a defendant voluntarily to an officer, before any questions are asked by the officer, is admissible against the defendant even though he was not given aMiranda warning. Ervin v. State, Ala.Cr.App., 399 So.2d 894,certiorari denied, 399 So.2d 899; Terry v. State, Ala.Cr.App.,397 So.2d 217, certiorari denied, Ala., 397 So.2d 223; Sullivanv. State, Ala.Cr.App., 394 So.2d 76; Hammons v. State, Ala.Cr.App., 371 So.2d 986; Espy v. State, Ala.Cr.App.,365 So.2d 356.
The sixth error complained of by the appellant in his brief is that the trial court erred to his prejudice by overruling appellant's timely objection, and move, to exclude state's question from the jury. The question complained of was propounded during cross-examination by state's counsel of Mr. Culpepper, who was called as a witness for the appellant, and is, as follows:
 "Q And before this defendant came in the store and got this shirt, you had seen him earlier right before that time?
"A That is correct.
 "MR. ARMSTRONG: Judge, I object to that and move to exclude that last question on the grounds that just invades the province of the jury, whether or not he got a shirt.
"MR. TUCKER: He testified he got a shirt.
"MR. ARMSTRONG: No, sir, he testified what he saw.
"THE COURT: Overruled. The jury heard the evidence."
Mr. Culpepper had previously testified, without any objection, that the appellant was in the store, and got a shirt off a hanger, and rolled it up, and left the store. The appellant did not object to the question until after it was answered. We hold that the objection was not timely. Barnett v. State,52 Ala. App. 260, 291 So.2d 353. The same fact having been previously testified to by Culpepper, without objection from the appellant, it was not reversible error for the trial judge to overrule appellant's objection. Rule 45 A.R.A.P.; Chambersv. State, Ala.Cr.App., 400 So.2d 436; Crenshaw v. State,205 Ala. 256, 87 So. 328.
The seventh error complained of by the appellant in his brief is that the trial court erred to his prejudice in not dismissing the charge against appellant on the plea *Page 850 
of former jeopardy. We have searched the record and find no plea of former jeopardy was ever filed in this cause. We find no evidence in support of such plea. A plea of former jeopardy must be in writing, and verified by oath, unless its truth appears by some matter of record, or other written evidence accompanying it. Further, in the absence of a plea of former jeopardy filed before or at the same time with a plea of not guilty, there is nothing for this Court to review. Code OfAlabama, 1975, Sec. 15-15-42; Hancock v. State, Ala.Cr.App.,368 So.2d 581, certiorari denied, Ala., 368 So.2d 587; Williamsv. State, Ala.Cr.App., 348 So.2d 1113, certiorari denied, Ala.,348 So.2d 1116.
The eighth error complained of by the appellant in his brief is that the trial court erred to his prejudice in sentencing appellant under the state statutes which enhance punishment for habitual criminals and successive offenses. Appellant contends this act is actually an ex post facto law, that the punishment is unreasonable, and that the court did not find that appellant was represented by an attorney on the two prior convictions.
The appellant in this case was convicted for a class c felony. At the pre-sentencing hearing, that was conducted as required under the temporary rules of criminal procedure, the state proved that the appellant had been previously convicted of robbery, and of grand larceny, and was represented by Attorney Gary Weston on the charge of robbery, and by Attorney Lee Hayes on the charge of grand larceny. The appellant admitted that he had the two prior felony convictions. The trial court found that appellant having been convicted in this case of a class c felony, and at that time he had two prior felony convictions, sentenced the appellant to ten years in the penitentiary. Code Of Alabama, 1975, Sec. 13A-5-9 (b) provides in all cases when it is shown that a criminal defendant has been previously convicted for any two felonies, and after such convictions has committed another felony, he must be punished, as follows: (1) On conviction of a class c felony, he must be punished for a class a felony. Code Of Alabama, 1975, Sec.13A-5-6 (a), (1) provides that sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations: (1) For a class a felony, for life or not more than ninety-nine years or less than ten years. The trial court did not err in sentencing the defendant to ten years. The contention by appellant that the statute under which the appellant was sentenced is an ex post facto law, that the sentence imposed is unreasonable, cannot be sustained because the appellate courts of this state have held otherwise. Ray v. State, Ala.Cr.App.,398 So.2d 774, certiorari denied, Ala., 398 So.2d 777; Holleyv. State, Ala.Cr.App., 397 So.2d 211, certiorari denied, Ala.,397 So.2d 217; Thomas v. State, Ala.Cr.App., 395 So.2d 1105;Williams v. State, Ala.Cr.App., 393 So.2d 492.
We have searched the record and are of the opinion that reversible error does not appear. The judgment of the trial court is due to be and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.